IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | CASE NO. BK09-42643-TLS |
| CRAIG CARLYLE JOHNSON and ) | A10-4005-TLS |
| BONNIE JOAN JOHNSON, ) | |
| ) | |
| Debtor(s). ) | CHAPTER 7 |
| KENT A. SCHROEDER and ) | |
| LINDA J. SCHROEDER, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| vs. ) | |
| ) | |
| CRAIG CARLYLE JOHNSON and ) | |
| BONNIE JOAN JOHNSON, ) | |
| ) | |
| Defendants. ) | |

ORDER

This matter is before the court on the debtor-defendants' motion for judgment on the pleadings or summary judgment (Fil. #14) and objection by the plaintiffs (Fil. #17). John T. Tarrell represents the debtor-defendants, and Vikki S. Stamm represents the plaintiffs. Pursuant to the court's authority under Nebraska Rule of Bankruptcy Procedure 7056-1, the motion was taken under advisement without oral arguments.

The motion is granted.

The parties entered into a 10-year real estate contract for the sale of an apartment building in Kearney, Nebraska, in December 2000. The contract required the purchasers to pay real estate taxes. The purchasers defaulted on the contract. The sellers foreclosed, ending up with the property and a deficiency judgment. After the purchasers filed a Chapter 7 bankruptcy petition in September 2009, the sellers filed this adversary proceeding to except from discharge the amount of the debt attributable to their payment of the real estate taxes. They asserted non-dischargeability under 11 U.S.C. §§ 523(a)(1)(A), (a)(4), and (a)(6).

The debtor-defendants now move for judgment on the pleadings or summary judgment, arguing that the plaintiffs appear to have abandoned their §§ 523(a)(4) and (a)(6) claims and are relying solely on § 523(a)(1)(A), which is an insufficient basis for the non-dischargeability of the real estate tax payment.

A motion for judgment on the pleadings arises under Federal Rule of Bankruptcy Procedure 7012(b) and Federal Rule of Civil Procedure 12(c). Like summary judgment, a judgment on the

Document    Page 2 of 4

pleadings is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. *Wallace v. Marble (In re Marble)*, 426 B.R. 316, 318 (B.A.P. 8th Cir. 2010). The court must view all facts pleaded by the non-moving party as true and grant all reasonable inferences in favor of that party. *Id.* If matters outside the pleadings are presented, the motion for a judgment on the pleadings is treated as a motion for summary judgment and all parties must be allowed to present material pertinent to a motion under Rule 56. Fed. R. Bankr. P. 7012(b); Fed. R. Civ. P. 12(d). Here, no materials outside the pleadings were offered to the court.

The parties agree on the following facts:

1. This adversary proceeding arises out of the Chapter 7 bankruptcy case of the defendants, commenced on September 10, 2009, in the United States Bankruptcy Court for the District of Nebraska.

2. The plaintiffs, husband and wife, are individuals who reside in Buffalo County, Nebraska.

3. The defendants were residents of Kearney, Buffalo County, Nebraska, but now reside in Phelps County, Nebraska.

4. On or about December 22, 2000, the plaintiffs and the defendants entered into a "Contract for Conditional Sale of Land" whereby the plaintiffs sold certain residential real property to the defendants, in monthly installments of $522.00 for 119 months, with a balance of $53,628.00 becoming due in the l20th month. The contract provided that the defendants were to pay real estate taxes.

5. The defendants defaulted on the monthly installments on June 1, 2007. The plaintiffs foreclosed said contract in the District Court of Buffalo County, and the decree of foreclosure stated the plaintiffs were due under the contract the sum of $75,534.09 with interest.

6. The Buffalo County Sheriff sold the property for $62,735.00, with the plaintiffs being the highest bidders. The sale was confirmed by the Buffalo County District Court, and the plaintiffs received a sheriff's deed to the property. They still own the property.

7. The plaintiffs sued the defendants in the County Court of Buffalo County, Nebraska, for a deficiency under the contract and on October 1, 2008, obtained a judgment for $12,799.05. Collection efforts followed until the defendants filed their Chapter 7 bankruptcy proceeding.

8. The plaintiffs are listed as unsecured, non-priority creditors for $12,799.05 in the defendants' bankruptcy schedules.

9. The defendants do not dispute the fact that the plaintiffs paid all unpaid real estate taxes, which totaled $7,048.42.

The issue before the court is a legal question of whether a debt for the payment of real estate taxes falls within the exception to discharge of § 523(a)(1)(A). That section excepts "any debt for a tax or a customs duty of the kind and for the periods specified in section 507(a)(3) or 507(a)(8) of this title, whether or not a claim for such tax was filed or allowed."

Section 507 provides a structure for the payment of claims and expenses by setting out the order of their priority. Section 507(a)(3) refers to unsecured claims allowed under § 502(f), which concerns involuntary cases and is therefore inapplicable here. Section 507(a)(8) is an extensive section, dealing with unsecured prepetition tax claims for income taxes, property taxes, trust fund taxes, employment taxes, excise taxes, customs duties, and penalties related to these taxes. In the portion relevant to this case, the section states:

> (8) Eighth, allowed unsecured claims of governmental units, only to the extent that such claims are for —
> . . .
> (B) a property tax incurred before the commencement of the case and last payable without penalty after one year before the date of the filing of the petition[.]

The plaintiffs argue earnestly that the payments they made to prevent the real estate taxes on the apartment building from becoming delinquent fall within this exception to discharge because the debtors would otherwise owe the taxes, and, to the extent they met the statutory requirement of being a recent tax, such taxes would be entitled to priority and non-dischargeable.

However, the plaintiffs' argument cannot overcome the plain language of the statute. First, § 507(a)(8) addresses claims of "governmental units," which is a defined term at § 101(27) of the Bankruptcy Code and does not include private individuals such as the plaintiffs. Second, § 507(d) prevents the plaintiffs from asserting the taxing entity's priority:

> An entity that is subrogated to the rights of a holder of a claim of a kind specified in subsection (a)(1), (a)(4), (a)(5), (a)(6), (a)(7), (a)(8), or (a)(9) of this section is not subrogated to the right of the holder of such claim to priority under such subsection.

While the plaintiffs may be able to assert the debt in bankruptcy through subrogation, they cannot adopt the priority status that the taxing entity would have in the first instance. *In re Frankum*, 399 B.R. 498, 504 (Bankr. E.D. Ark. 2009). Therefore, the plaintiffs cannot establish the elements necessary to succeed on a § 523(a)(1)(A) cause of action.

Moreover, the pretrial statement does not preserve any claims under §§ 523(a)(4) or (a)(6), because the plaintiffs' stated theory of the case focuses solely on the status of the real estate taxes as non-dischargeable under § 523(a)(1)(A). Having found in the defendants' favor on that claim, judgment will be entered accordingly.

IT IS ORDERED: The debtor-defendants' motion for judgment on the pleadings (Fil. #14) is granted. Separate judgment will be entered.

DATED: October 19, 2010.

BY THE COURT:

/s/ Thomas L. Saladino
Chief Judge

Notice given by the Court to:
　　*John T. Tarrell
　　Vikki S. Stamm
　　U.S. Trustee

Movant (*) is responsible for giving notice to other parties if required by rule or statute.